RENDERED:  JUNE 4, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1260-MR

PERRY BELL                                                              APPELLANT

v.           APPEAL FROM MARION CIRCUIT COURT
HONORABLE SAMUEL TODD SPALDING, JUDGE
ACTION NO. 18-CR-00241

COMMONWEALTH OF KENTUCKY                                APPELLEE

OPINION
REVERSING AND
REMANDING

** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND K. THOMPSON, JUDGES.

COMBS, JUDGE:  Perry Bell appeals his conviction for tampering with physical

evidence (KRS[1] 524.100) and persistent felony offender (PFO) in the second

degree (KRS 532.080(2)), for which he received a sentence of five-years'

imprisonment on the underlying conviction, enhanced to eight-years'

---

[1] Kentucky Revised Statutes.

imprisonment for the status offense. Bell does not challenge his convictions for the possession of controlled substances and drug paraphernalia. Furthermore, he does not challenge the PFO conviction other than as it enhances his conviction for tampering with physical evidence. After our review, we reverse and remand.

Bell was arrested on October 28, 2018, in Marion County, Kentucky. His arrest citation sets forth in detail the chronology of events leading to the charges:

> Bell was the passenger in a vehicle that was parked in the middle of the road at the dead end of Hamilton Heights. Upon approaching the vehicle, this officer observed Bell take his right hand and appear to conceal something under his right leg. When he was removed from the vehicle, Cpl. Cook saw in plain view a small plastic baggie containing what appeared to be synthetic marijuana, or "Spice." Search of the rest of the vehicle found in between the front passenger seat and the center console, a small round container that held what appeared to be crystal methamphetamine that was inside of a piece of paper. Also inside this container were several pieces of what appear to be Suboxon[e], a Schedule III Controlled Substance. The owner of the vehicle claimed no knowledge of these substances, so due to Bell being within[] arm[']s reach of them, he was charged. Upon getting Bell to MCDC [Marion County Detention Center], staff found a large white pill inside his pants pocket that was identified by Poison Control as a 800 mg Gabapentin, a Sch[e]dule 5 Controlled Substance.

Bell was indicted on December 3, 2018. He was arraigned three days later. His jury trial on March 25 of the following year resulted in guilty verdicts on

all charges (except for an agreed order of dismissal on possession of methamphetamine). He was sentenced on April 12, 2019.

Bell's sole argument on appeal is that the trial court erred in denying his motions for a directed verdict on the charge of tampering with physical evidence. In support of this argument, he cites *Commonwealth v. James*, 586 S.W.3d 717 (Ky. 2019), where the Kentucky Supreme Court held that:

> dropping or throwing the evidence to the ground in the presence and view of [the arresting officer] in a manner that left the evidence easily retrievable was not an act of concealment or removal sufficient to sustain an additional charge for tampering with physical evidence.

*Id*. at 730. Bell contends that *James* is dispositive of the issue and that it requires reversal of his conviction under similar circumstances. We agree.

We begin our analysis by stating the standard of reviewing a denial of a motion for a directed verdict:

> On a motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purposes of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony. On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal.

*Hunter v. Commonwealth*, 587 S.W.3d 298, 310 (Ky. 2019) (citation omitted).

With this stringent standard in mind, we next examine the applicable statute. KRS 524.100 provides as follows:

> (1) A person is guilty of tampering with physical evidence when, believing that an official proceeding is pending or may be instituted, he:
>
> > (a) Destroys, mutilates, conceals, removes or alters physical evidence which he believes is about to be produced or used in the official proceeding with intent to impair its verity or availability in the official proceeding[.]
>
> . . . .
>
> (2) Tampering with physical evidence is a Class D felony.

The *James* Court discussed KRS 524.100, stating:

> As with every criminal statute, KRS 524.100 requires the Commonwealth to prove both that the defendant acted with the requisite criminal intent *and* that he completed the requisite criminal act. Under this statute, the Commonwealth satisfies the intent element by showing beyond a reasonable doubt that the defendant acted with "*intent* to impair [the evidence's] verity or availability in the official proceeding." And, separately, the Commonwealth satisfies the criminal-act element by showing beyond a reasonable doubt that the defendant completed one of the following proscribed acts: "destroys, mutilates, conceals, removes or alters physical evidence."
>
> In this case, the issue is whether James committed the requisite criminal act. James did not destroy,

-4-

mutilate, or alter the glass pipe, so the specific question is whether he "concealed" or "removed" the glass pipe when he dropped it in the presence of Officer Jenkin.

*James*, 586 S.W.3d at 724-25 (footnotes omitted).

In the case before us, Bell surely "did not destroy, mutilate, or alter" the contents of the plastic bag that he placed under his right leg; thus, the issue is whether he "concealed" or "removed" the items when he performed that action in the presence of the arresting officer. *Id.* Bell claims that he did nothing that prevented the officers on the scene from discovering the items. Moreover, testimony from the Commonwealth's witnesses indicated that the plastic bag was in plain view when they inspected the vehicle. Therefore, Bell concludes, he merely abandoned the items rather than concealed them. He argues that *James* should apply.

The Commonwealth argues otherwise. The *James* Court cautioned that:

the rule here reflects the narrow set of facts in front of us: where a defendant merely drops, throws down, or abandons drugs in the vicinity of the defendant and in the presence and view of the police, and the officer can quickly and readily retrieve the evidence, the criminal act of concealment or removal has not taken place.

586 S.W.3d at 731. In this case, the Commonwealth presented evidence that Bell deliberately and calculatedly attempted to conceal the plastic bag by first hiding it

under his thigh and then placing it between the door and the passenger seat. The Commonwealth urges that those additional acts distinguish Bell's case from *James*.

The Commonwealth relies on *Hunter v. Commonwealth*, 587 S.W.3d 298 (Ky. 2019), in which the defendant was found guilty of tampering with physical evidence. In *Hunter*, the defendant discarded a gun in an overgrown area of a fence line, and a K-9 unit was needed to find and retrieve it. However, we cannot agree that the "concealment" in this case is remotely congruent with the factual scenario in *Hunter*. Bell did not "discard the evidence" beyond the confines of the vehicle, nor did he attempt to ingest it or otherwise alter or destroy it. His conduct consisted of the furtive but futile acts of hiding it under his thigh and then in the space between the door and the passenger seat. As soon as he was removed from the car, the officer readily found the evidence "in plain view." No search was required. No K-9 unit was needed. In the language of *James*, the evidence was "easily retrievable." 586 S.W.3d at 725.

We are persuaded that Bell's situation fits squarely within the parameters of *James*. We note that Bell was sentenced on April 12, 2019, and that the *James* case was rendered several months later on October 31, 2019. The trial court did not have the benefit of the expanded standard announced in *James*, and its reasoning in denying a directed verdict prior to *James* was no doubt sound at the time of trial. However, in light of the subsequent precedent of *James*, we are

-6-

compelled to reverse Bell's conviction of tampering with physical evidence and PFO in the second degree as it pertains to that conviction.

Accordingly, we REVERSE the order of the Marion Circuit Court denying Bell's motion for a directed verdict and REMAND for entry of a judgment consistent with this opinion.

THOMPSON, K., JUDGE, CONCURS.

LAMBERT, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE OPINION.

BRIEFS FOR APPELLANT:

Erin Hoffman Yang
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Leilani K. M. Martin
Assistant Attorney General
Frankfort, Kentucky